UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAJ K. MALLICK,<br><br>    Defendant. | Civil Action No.  96-cv-2211 (NHJ/PJA) |

**REPORT AND RECOMMENDATION**

    This case was referred to me for report and recommendation regarding plaintiff Richard F. Smith's Motion to Reopen [#30] ("Mot. to Reopen").  As explained herein, I recommend that plaintiff's motion be denied on the ground that it is not necessary to reopen the case for him to move for enforcement of a post-judgment subpoena.

**I.    BACKGROUND**

    On September 2, 1999, judgment was entered against defendant, Raj Mallick, in the amount of $231,461.60 plus a daily interest of $38.05.  According to plaintiff, defendant has failed to satisfy all but $10,973.18 of that judgment.  In or around October 2004, plaintiff served on defendant a subpoena instructing him to appear for a deposition on November 30, 2004 and bring with him certain documents relating to his personal finances and assets.  Defendant did not move to quash the subpoena or for a protective order.  Defendant appeared at the deposition, but refused to answer any substantive questions or produce the requested documents.  On July 5, 2005, plaintiff moved to "reopen his case for purposes of enforcing a subpoena for a post-

judgment deposition and duces tecum of the Defendant." Mot. to Reopen at 1.

## II.  DISCUSSION

Plaintiff's motion should be denied because it is not necessary to reopen the case for him to move to enforce the post-judgment subpoena.  Rule 69(a) provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.  The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.  In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, ***may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules*** or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a) (emphasis added).  This rule reflects the longstanding principle that the court has the inherent power to enforce its judgments. <u>Riggs v. Johnson County</u>, 73 U.S. 166, 187 (1867).  It also recognizes that the judgment creditor may need to conduct discovery to find out about assets on which execution can issue.  In allowing for such discovery, the rule expressly provides that all methods of discovery (*e.g.*, depositions, interrogatories, requests for production of documents) are available.  Accordingly, plaintiff is entitled under Rule 69(a) to seek discovery from defendant in the form of a deposition or request for production of documents.  I, however, am not here expressing any opinion as to the appropriateness or inappropriateness of the specific discovery requests referenced in plaintiff's motion to reopen the case, but rather, am only stating that those two discovery *methods* are generally permissible.

There is no indication in Rule 69 that a case must be reopened before post-judgment

discovery can be sought or before the party seeking such discovery can move the court for assistance. Moreover, the post-judgment discovery that plaintiff seeks has absolutely no relation to the facts of the underlying case or the appropriateness of the judgment. Indeed, plaintiff is not asserting that the discovery he seeks has anything to do with the merits of the underlying case or the judgment. Accordingly, there is no reason to reopen plaintiff's case.

### III.   CONCLUSION

For the foregoing reasons, this magistrate recommends that plaintiff's motion to reopen his case be denied.

 

_____
JOHN M. FACCIOLA
Dated:                                                                                     UNITED STATES MAGISTRATE JUDGE