UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAJ K. MALLICK, <br><br> Defendant. | Civil Action No. 96-cv-2211 (HHK/JMF) |

**MEMORANDUM ORDER**

This case was referred to me for resolution of plaintiff Richard F. Smith's Motion to Compel ("MTC"). As explained herein, plaintiff's motion will be granted.

As I have previously written extensively regarding the facts in this case, I will now only provide a brief summary. On September 2, 1999, judgment was entered against defendant, Raj Mallick, in the amount of $231,461.60 plus a daily interest of $38.05, which was affirmed on appeal. Judgment, Smith v. Mallick, No. 00-7208 (D.C. Cir. May 22, 2000). On October 18, 2004, plaintiff served on defendant a subpoena instructing him to appear for a deposition on November 30, 2004 and bring with him certain documents relating to his personal finances and assets. MTC at Exhibit 2. Defendant did not move to quash the subpoena or for a protective order. MTC at 2. Defendant appeared at the deposition, but refused to answer any substantive questions or produce the requested documents. Id. at 1-2. On July 5, 2005, plaintiff moved to reopen his case for the purpose of enforcing against defendant a subpoena for a post-judgment deposition and duces tecum. Id. at 3. I recommended that the motion be denied because I

concluded that, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, it was not necessary for plaintiff to reopen the case simply to enforce the post-judgment subpoena. Report and Recommendation, Smith v. Mallick, No. 96-2211 (D.D.C. Dec. 29, 2005). Specifically, I noted that Rule 69(a) provides that the party seeking to enforce a post-judgment subpoena "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Id. at 2 (citing Fed. R. Civ. P. 69(a)). I also noted that the rule thus provides that plaintiff may avail himself of all of the usual discovery methods, including depositions, interrogatories, and requests for production of documents. Id. at 2. Although at that time, I refrained from addressing the appropriateness of the specific discovery requests then sought, I do so now.

Plaintiff seeks to compel defendant to comply with the previously served subpoena for a post-judgment deposition and duces tecum on the following grounds: (1) that on November 30, 2004, defendant appeared for the deposition but refused to answer any questions, (2) that on November 30, 2004, defendant appeared for the deposition but did not produce any of the subpoenaed documentation, (3) that defendant's only objection to answering questions was that the judgment had been released, (4) that defendant did not file a timely motion for a protective order, and (5) that defendant did not file a timely motion to quash. MTC at 1-4.

In response, defendant argues that the motion to compel should be denied because (1) plaintiff failed to comply with the Federal and local Superior Court Rules of procedure for conducting a post-judgment deposition, (2) plaintiff failed to notify defendant's counsel of the deposition, and (3) the judgment plaintiff is seeking to enforce is satisfied and has been

discharged.[1] Opposition to Defendant's Motion to Compel ("Opp.") at 1-4.

Since plaintiff is seeking to obtain post-judgment discovery, plaintiff must, under Rule 69(a) of the Federal Rules of Civil Procedure, proceed under the local rules of the state in which the district court is held, which in this case is the District of Columbia. Fed. R. Civ. P. 69(a); Heller Healthcare Finance, Inc., v. Columbia Hosp. For Women Med. Ctr., Inc., No. 02-CV-1857, 2004 Wl 2451407, at *2 (D.D.C. Nov. 1, 2004). Pursuant to Rule 69-I of the Superior Court Rules of Civil Procedure,

> All discovery procedures authorized by Rule 26-37 are available to the judgment creditor in the manner prescribed by those rules, except that a subpoena ad testificandum addressed to a person other than the judgment debtor and **a subpoena duces tecum shall issue only upon order of the court**. The first subpoena ad testificandum or notice of deposition addressed to the judgment debtor may issue without court order, but **any subsequent subpoena or notice so addressed shall issue only upon order of the court**.

DC R RCP Rule 69-I (emphasis added).

According to Superior Court Rules, the first subpoena addressed to a judgment debtor may issue without court order. In this case, the first subpoena was served on defendant on September 1, 1999, the date the monetary judgment was entered against him. Opp. at 2. Defendant appeared and testified at this post-judgment deposition. Id. The subpoena that is the subject of plaintiff's motion to compel is plaintiff's second subpoena and therefore, pursuant to Rule 69-I, may only issue upon order of the court. It is clear that the second subpoena, dated October 18, 2004, did not in fact issue upon order of the court. Plaintiff argues, however, that

---

[1] Although defendant argues that the judgment at issue has been satisfied and discharged, the issue is still pending before Kennedy, as is my Report and Recommendation on the subject. See Report and Recommendation, Smith v. Mallick, No. 96-2211 (D.D.C. Aug. 3, 2006).

any deficiencies in the service of the subpoena are of no moment because defendant failed to either move to quash or move for a protective order, thereby waiving his right to object. <u>Reply of Plaintiff to Defendant's Opposition to Plaintiff's Motion to Compel</u> at 1.

Pursuant to Rule 45 of the Superior Court Rules of Civil Procedure, "a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises." DC R RCP Rule 45(c)(2)(B). By failing to object to the subpoena duces tecum prior to the November 30, 2004 deposition, defendant waived any objection based on defective service. Similarly, by voluntarily appearing at the November 30, 2004 deposition, defendant waived any objection to the subpoena ad testificandum based on defective service. <u>Judicial Watch, Inc., v. United States Dept. of Commerce</u>, 196 F.R.D. 1, 2 (D.D.C. 2000).

As a result of defendant's failure to file timely objections, plaintiff's motion to compel will be granted. It is therefore, hereby,

**ORDERED** that plaintiff will, within 10 days of the date of this Memorandum Order, submit to this Court a request for a subpoena which (1) notices the date of another deposition at a time agreeable to both parties, and (2) identifies with specificity those documents sought. It is further, hereby,

**ORDERED** that defendant reimburse plaintiff for the attorneys fees and costs incurred as a result of defendant's failure to comply with the November 30, 2004 subpoena.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: | _____<br>JOHN M. FACCIOLA<br>UNITED STATES MAGISTRATE JUDGE |