UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICHARD F. SMITH, et al.,**

    **Plaintiffs,**

        v.                      Civil Action No.  96-cv-2211 (HHK/JMF)

**RAJ K. MALLICK,**

    **Defendant.**

**MEMORANDUM OPINION**

By my order of September 9, 2006, I ordered the defendant to reimburse plaintiff for the attorney's fees and costs incurred as a result of the defendant's failure to comply with a subpoena instructing him to appear for a deposition and to bring with him documents relating to his personal finances and assets. Smith v. Mallick, No. 96-CV-211, 2006 WL 2571830 (D.D.C. Sept. 6, 2006).  Plaintiff has now filed an application for attorney's fees and costs,[1] seeking $ 4,750.50.  Defendant first opposes the application on the grounds that since he filed a notice of appeal as to Judge Kennedy's denial of his motion to vacate my Report and Recommendation (reported at Smith v. Mallick, No. 96-CV-211, 2005 WL 3555827 (D.D.C. Dec. 29, 2005)), this Court lacks jurisdiction over the subject matter of the application for fees. Defendant's Response to Plaintiff's Memorandum to Show Cause Why Motion for Attorney's Fees and Costs Should Not Be Stayed Pending Appeal.

But, it is settled beyond all question that a court may rule on an application for attorney's fees despite the pendency of the appeal. Harmon v. United States Through

---

[1] Motion of Plaintiff Richard F. Smith for Entry of Attorney's Fees and Costs Pursuant to Memorandum Order Granting Plaintiff's Motion to Compel.

Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996); City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 658 (10th Cir. 1992), cert. denied, 506 U.S. 831 (1993); Harris Mkt. Research v. Marshall Mktg. & Cmmc'ns, Inc., 948 F.2d 1518, 1526 n.3 (10th Cir. 1991).  See 15B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3915.6 at 338 (1992).

Defendant also opposes the application on the grounds that the American rule requires each party to bear its own fees and costs unless "bad faith" is shown. Defendant's Memorandum in Opposition of [sic] Defendant's [sic] Motion for Entry of Attorney's Fees and Costs ("Defs. Opp.") at 4-6.  But, whatever rule would apply at common law has nothing to do with the court's obedience to the pertinent Federal Rule of Civil Procedure that *requires* reimbursement of the fees and costs incurred by having to make a successful motion to compel unless certain conditions are met. Fed. R. Civ. P. 37(a)(4)(A).

Finally, defendant insists that the fees and costs claimed were not incurred as my order required "as a result of defendant's failure to comply with the November 30, 2004 order." Smith v. Maillick, 2006 WL 2571830, at *2.  Defendant, protesting that the phrase "as a result of" is ambiguous, claims that the only fees and costs he should have to pay are for what he calls the "filing of the notice of deposition." Defs. Opp. at 2-4.  But, once the defendant appeared at the deposition to announce that he would not answer any questions, he required his opponent to move to compel that he attend a second deposition and answer the questions posed.  Had he answered the questions at the first deposition, plaintiff would not have had to move to compel.  The fees and costs incurred were certainly incurred as a result of defendant's appearing at the deposition yet announcing

that he would not answer the questions.  I therefore will permit the fees and costs claimed, with one exception.

In the affidavit of Cynthia Kaplan Revesman, she seeks compensation for preparing the notice for the first deposition, ascertaining that a process server had served the defendant, and then for attending the deposition at which the defendant announced that he would not answer any questions.  Those fees were not incurred "as a result of" the defendant then appearing at that deposition and announcing that he would not answer any questions.  They would have been incurred whether or not defendant refused to answer the questions.  For the same reason, I will exclude the payment to the process server.

I will therefore award plaintiff $3,550 in attorney's fees and $249.50 in costs. The Clerk will enter a judgment in that amount.

An Order accompanies this Memorandum Opinion.


April 5, 2007                    ____/S/_____
                                 JOHN M. FACCIOLA
                                 UNITED STATES MAGISTRATE JUDGE